UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>        Petitioner,<br><br>  v.<br><br>WARDEN JOHNSON,<br><br>        Respondent. | No. LA CV 19-09508-VBF FFM<br><br>**ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION** |

On October 28, 2019, Petitioner Darren Vincent Ford ("Petitioner"), a state prisoner incarcerated at the California State Prison in Lancaster, California, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. (Dkt. No. 1).

The Petition does not challenge Petitioner's underlying conviction or the duration of Petitioner's confinement. Rather, the Petition alleges that Petitioner's constitutional rights were violated by the Accounting Department of the California Department of Corrections and Rehabilitation. (*Id*. at 2-5).

The Writ of Habeas Corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). Accordingly, claims that neither "necessarily

1

imply the invalidity of a conviction" nor "necessarily spell speedier release" are not cognizable on habeas. *Blair v. Martel*, 645 F.3d 1151, 1157 (9th Cir. 2011) (citing *Skinner v. Switzer*, 131 S.Ct. 1289, 1298–1299 & n.13 (2011)).

Petitioner's claims are not cognizable on federal habeas. Because the Petition ostensibly attacks the legality of a decision of the California Department of Corrections and Rehabilitation and the actions of prison accounting staff, they may be appropriate under 42 U.S.C. § 1983. However, as they neither implicate the validity of Petitioner's conviction nor necessarily spell Petitioner's speedier release, they are not cognizable under 28 U.S.C. § 2254. Petitioner's claims do not challenge the imposition of restitution as part of his sentence. However, even if they did, such claims would not be cognizable in a federal habeas petition. *Bailey v. Hill*, 599 F.3d 976, 981-82 (9th Cir. 2010); *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002) (claim challenging a restitution fine is not cognizable basis for habeas relief because such claims do not challenge the validity or duration of confinement); *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (same).

The Ninth Circuit has stated that a district court may construe a habeas petition to plead a civil rights claim after notifying the prisoner and obtaining his informed consent. *Nettles v. Grounds*, 830 F.3d 922, 935-36 (9th Cir. 2016) (*en banc*). However, the Court declines to do so in this case. As an initial matter, prisoner civil rights actions are subject to different requirements (and higher filing fees) than are federal habeas proceedings. It is not apparent that Petitioner is willing or able to meet those requirements and pay those higher filing fees. Moreover, the Petition names the warden of the prison in which Petitioner is incarcerated as respondent; however, it is not at all clear that, under these facts, Petitioner would (or even could) name the warden as a defendant in a civil rights action. Accordingly, the Court declines to construe the instant Petition as a civil rights complaint.

/ / /

/ / /

Based on the above discussion and pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Court, it is therefore ordered that this action be dismissed without prejudice.

DATED: DECEMBER 17, 2019

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
United States District Judge